IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,157-02 AND WR-71,157-03






EX PARTE ORLANDO T. JORDAN, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W04-48339-I AND W04-48253-I IN 


CRIMINAL DISTRICT COURT NO. 2 FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to
stop and render aid and murder and sentenced to forty (40) years' imprisonment for both offenses. 
The Eighth Court of Appeals affirmed his convictions. Jordan v. State, Nos. 08-05-00251-CR and
08-05-00252-CR (Tex. App.-- El Paso, 2007, no pet.) (not designated for publication). 

 Applicant contends inter alia that the enhancement paragraphs were invalid because the
offenses used to enhance punishment were state jail felony offenses and therefore could not be used
to enhance the punishment range under Tex. Pen. Code, § 12.42 (d). 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall supplement the record with
copies of the indictments and judgments in cause numbers F88-71848-R and 0745883A which were
used to enhance punishment in these cases. The trial judge shall also supplement the record with
copies of the indictments and judgments in any other prior felony convictions which could have been
used to enhance punishment in these cases. In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that the enhancement paragraphs were invalid. Specifically, the trial judge shall make findings
of fact as to whether cause numbers F88-71848-R and 0745883A were state jail felony offense when
they were committed. The trial judge shall also make findings of fact as to whether Applicant has
any other prior felony convictions which could have been used to enhance punishment in these cases. 
 The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 25, 2009

Do not publish